UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTOPHER S. STARKGRAF,<br><br>               Plaintiff,<br>    v.<br><br>SAMANTHA LYONS, *et al.*,<br><br>               Defendants. | CASE NO. 3:23-cv-05497-TMC-GJL<br><br>ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Kristopher S. Starkgraf is currently incarcerated at the Pierce County Jail. Proceeding *pro se*, Plaintiff has submitted a Second Amended § 1983 Complaint ("SAC"). Dkt. 16. For the reasons stated below, the Court declines to serve the SAC or direct that an answer be filed. Plaintiff is, however, granted leave to amend his SAC to correct the deficiencies previously identified, on or before **April 5, 2024**.

                                                    **I.        BACKGROUND**

Plaintiff initiated this action on May 30, 2023. Dkt. 1. In his original Complaint, Plaintiff alleged violations of his constitutional rights with respect to events occurring at or around the

ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND - 1

time officials at the Kitsap County Drug Court planned a secret Christmas party on December 9, 2021, during the height of the COVID-19 pandemic, and forced Plaintiff to attend. Dkt. 8 at 13–28. Plaintiff also alleged violations of his constitutional rights due to his exposure to systemic racism and neglect in the Kitsap County Drug Court program and services received through the Kitsap Recovery Center from 2018 to 2021. *Id*. at 9–12.

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A(a) and identified several deficiencies ranging from failing to set forth specific, plausible facts to support each of his claims to naming improper defendants. *See* Dkt. 11. In that Order, the Court declined to serve Plaintiff's Complaint, but granted him leave to file an amended complaint to correct the identified deficiencies. *Id*.

On October 19, 2023, Plaintiff filed a First Amended Complaint ("FAC"), naming the following Defendants: Kitsap County Judges Melissa Hemstreet and "Houser"; Kitsap County Prosecutor Barb Dennis; Kitsap County Drug Court Operator Samantha Lyons; Kitsap County Drug Court Compliance Specialists Janice Riley, Travis Garrett, Lindsay Myers, Kayla Henley, Rebecca Carr; Kitsap County Drug Court Counselor Stuart Laidlaw; Emma Aubrey, a private attorney; and Kitsap County. Dkt. 12 at 4–10. In the three counts set forth in the FAC, Plaintiff alleged violations of (1) the First Amendment (count 1); (2) the Eighth and Fourteenth Amendments (count 2); and (3) the Sixth Amendment (count 3). *Id*. at 11–30. These counts again related to the December 9, 2021, Christmas party, and his treatment in the Kitsap County Drug Court program, but also included allegations relating to Plaintiff's termination from the Kitsap County Drug Court program. *Id*. at 23–24.

The Court screened Plaintiff's FAC in accordance with 28 U.S.C. § 1915A(a) and again found several deficiencies primarily involving Plaintiff's failure to state a claim upon which

ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND - 2

1    relief may be granted. *See* Dkt. 13. In that Order, the Court declined to serve Plaintiff's FAC, but

2    granted him leave to file an amended complaint to correct the identified deficiencies. *Id*.

3    After the Court granted him an extension of time to file an amended complaint, Plaintiff

4    filed his SAC on January 5, 2024. Dkt. 16. In the SAC, Plaintiff names the following

5    Defendants: Securus Technologies, the phone service provider at Pierce County Jail; Pierce

6    County Jail Corrections Officers Smith, Hollis, Rocklin Severson, Days, Marquiss, Dobson,

7    Duray, and Byrer; and Pierce County. *Id*. at 2–3. Plaintiff claims that, from June to December

8    2023, he was electrocuted by the telephones in his Unit at Pierce County Jail every time he tried

9    to use them. *Id*. at 10. When he informed Defendants of the dangerous conditions with the

10   telephones, they either ignored him or laughed and made jokes at his expense. *Id*. at 13. In

11   addition, despite being informed of the dangerous electrical issue, Defendants allegedly did

12   nothing to fix the problem. *Id*. at 14–16.

13   As relief, Plaintiff requests declaratory relief, compensatory and punitive damages in the

14   amount of $750,000, and attorney's fees and costs. *Id*. at 24.

15   Plaintiff's SAC does not name any of the previously-named Defendants and raises new

16   and separate claims not related to those claims asserted in both the original Complaint and the

17   FAC. *See* Dkts. 8, 13, 16.

18                                   **II.     DISCUSSION**

19   As discussed in the Court's prior Orders, the Court must screen complaints brought by

20   prisoners seeking relief against a governmental entity or its officers or employees and dismiss

21   any portion of the complaint that fails to state a viable claim. *See* Dkt. 11 at 3; Dkt. 13 at 3–4; 28

22   U.S.C. § 1915A(a), (b); 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir.

23   1998). The Court also informed Plaintiff that, to state a claim for relief under 42 U.S.C. § 1983,

24

ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND - 3

he must present specific facts showing how each Defendant personally participated in the alleged violation of his constitutional rights. *See* Dkt. 11 at 3; Dkt. 13 at 3–4; *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's SAC has not corrected any of the deficiencies in his original Complaint and FAC identified by the Court. Rather, Plaintiff appears to be raising new and unrelated claims against new and different Defendants. *See* Dkt. 16.

Unrelated claims against different defendants must be pursued in separate actions—the claims may not all be combined into one action. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir.1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980). As explained by the Seventh Circuit Court of Appeals,

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s,] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff is attempting to add additional unrelated claims against unrelated Defendants. This is not proper. Plaintiff's claims regarding the conditions at Pierce County Jail appear wholly unrelated to the claims of alleged constitutional violations stemming from the December 9, 2021, Christmas party, or Plaintiff's treatment in the Kitsap County Drug Court program. In this action, Plaintiff can pursue claims related to those previously-asserted

allegations, but must pursue claims related to his conditions of confinement at Pierce County jail in a separate action. If, in an amended complaint, Plaintiff again attempts to set forth unrelated claims which violate joinder rules, the Court may recommend dismissal of this action for failure to comply with a Court Order.

### III. Conclusion and Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. As stated above, Plaintiff should allege only the constitutional violations arising from the allegations related to the December 9, 2021, Christmas party, or his treatment in the Kitsap County Drug Court program. Plaintiff shall file an additional lawsuit, if he so chooses, regarding the allegations contained in the SAC that allegedly resulted in constitutional violations.

The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine

ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND - 5

whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **April 5, 2024**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 29th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge