UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTOPHER S. STARKGRAF,

        Plaintiff,

  v.

SAMANTHA LYONS, *et al.*,

        Defendants.

CASE NO. 3:23-cv-05497-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: April 19, 2024

This matter is before the Court on referral from the District Court. Presently before the Court is Plaintiff Kristopher S. Starkgraf's Motion to Dismiss his Complaint ("Motion"). Dkt. 18. Upon review of the Motion and relevant record, the Court recommends that Plaintiff's Motion be **GRANTED** and this case be **DISMISSED without prejudice** pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court also recommends that Plaintiff's $405.00 filing fee not be refunded.

        **I.**        **BACKGROUND**

Plaintiff initiated this action on May 30, 2023. Dkt. 1. In his initial Complaint, Plaintiff alleged violations of his constitutional rights with respect to events occurring at or around the

REPORT AND RECOMMENDATION - 1

time officials at the Kitsap County Drug Court planned a secret Christmas party on December 9, 2021, during the height of the COVID-19 pandemic, and forced Plaintiff to attend. Dkt. 8 at 13–28. Plaintiff also alleged violations of his constitutional rights due to his exposure to systemic racism and neglect in the Kitsap County Drug Court program and services received through the Kitsap Recovery Center from 2018 to 2021. *Id*. at 9–12.

After the Court screened the initial Complaint in accordance with 28 U.S.C. § 1915A(a) and declined to serve it (*see* Dkt. 11), Plaintiff filed a First Amended Complaint ("FAC") on October 19, 2023 (Dkt. 12). The FAC set forth counts again related to the December 9, 2021, Christmas party, and Plaintiff's treatment in the Kitsap County Drug Court program. The FAC also included allegations relating to Plaintiff's termination from the Kitsap County Drug Court program. *Id*. at 23–24.

The Court screened Plaintiff's FAC in accordance with 28 U.S.C. § 1915A(a), and in an Order issued on November 30, 2023, declined to serve Plaintiff's FAC, but granted him leave to file an amended complaint to correct the identified deficiencies. Dkt. 13.

After the Court granted him an extension of time to file an amended complaint, Plaintiff filed a Second Amended Complaint ("SAC"), the operative Complaint in this matter, on January 5, 2024. Dkt. 16. In the SAC, Plaintiff does not name any of the previously-named Defendants and raises new and separate claims not related to those claims asserted in both the initial Complaint and the FAC. *See* Dkts. 8, 13, 16. More specifically, Plaintiff claims that, from June to December 2023, he was electrocuted by the telephones in his Unit at Pierce County Jail every time he tried to use them. Dkt. 16 at 10. When he informed Defendants of the dangerous conditions with the telephones, they either ignored him or laughed and made jokes at his

1  expense. *Id*. at 13. In addition, despite being informed of the dangerous electrical issue,

2  Defendants allegedly did nothing to fix the problem. *Id*. at 14–16.

3        The Court screened Plaintiff's SAC in accordance with 28 U.S.C. § 1915A(a), and in an

4  Order issued on February 20, 2024, declined to serve Plaintiff's SAC, but granted him leave to

5  file an amended complaint to correct the identified deficiencies. Dkt. 17.

6        On March 18, 2024, Plaintiff filed the instant Motion. Dkt. 18. In the Motion, Plaintiff

7  requests his case be withdrawn and his $405.00 filing fee be refunded. *Id*.

8        **II.   DISCUSSION**

9        Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action

10  may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without

11  prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an

12  answer or summary judgment motion and the plaintiff has not previously dismissed an action

13  "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111

14  F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action

15  may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by

16  court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2).

17        Here, Plaintiff has requested dismissal of this action prior to service of a Complaint upon

18  any named Defendant. *See* Dkt. In the instant Motion, Plaintiff seeks dismissal of this action

19  "because [he] does not know how to receive relief for his constitutional violations he has

20  suffered in these events . . . and asks the Court for any *pro se* resources or help in seeking relief."

21  Dkt. 18 at 1. While the Court cannot directly provide Plaintiff with legal advice, it does note that

22  Plaintiff has been afforded the opportunity to amend his Complaint in this action three times,

23  with detailed guidance from the Court as to how correct the identified deficiencies of the filed

24

REPORT AND RECOMMENDATION - 3

1  Complaint. *See* Dkts. 11, 13, 17. The Court also takes judicial notice of several other matters

2  Plaintiff has filed in this Court within the last year, with at least one of the complaints in those

3  cases being served after the Court's screening.[1] *See Starkgraf v. White, et al.*, No. 3:23-cv-

4  05593-RJB-MLP (W.D. Wash. June 29, 2023); *Starkgraf v. Hauge, et al.*, No. 3:23-cv-05496-

5  JCC (W.D. Wash. May 30, 2023); *Davey, et al. v. Wash. State Dep't of Soc. & Health Servs., et

6  al.*, No. 3:23-cv-05399-TSZ-SKV (W.D. Wash. May 2, 2023); *Starkgraf v. Pierce Cnty. Council,

7  et al.*, No. 3:23-cv-05390-TSZ-SKV (W.D. Wash. May 1, 2023). Therefore, the Court

8  recommends Plaintiff's request to withdraw this case (Dkt. 18) be **GRANTED** pursuant to Rule

9  41(a)(1).

10  Plaintiff also requests the Court refund his $405.00 filing fee. Dkt. 18. With respect to

11  return of a filing fee, the Second, Third, Fifth, and Seventh Circuits have found the voluntary

12  dismissal of an action or appeal, whether filed by a prisoner or not, does not entitle the litigant to

13  a refund of filing fees. *See Porter v. Dep't. of Treasury,* 564 F.3d 176, 179–80 (3d Cir. 2009);

14  *Goins v. Decaro,* 241 F.3d 260, 261 (2d Cir. 2001) (finding that *pro se* inmates proceeding *in

15  forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for

16  unpaid appellate fees after withdraw of appeals); *Williams v. Roberts,* 116 F.3d 1126, 1127 (5th

17  Cir. 1997) (filing fees are "assessed for the privilege of initiating an appeal, without regard to the

18  subsequent disposition of the matter."); *Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir. 1996)

19  (overruled on other grounds by *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000)) ("A solvent

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *See also Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g., United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

REPORT AND RECOMMENDATION - 4

litigant must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money.").

District courts in the Ninth Circuit have also adopted this approach, finding 28 U.S.C. § 1915 has no provision for the return of fees and the decision to file and prosecute a case is made solely by the plaintiff. *See Davidson v. Wash. Corr. Ctr. For Women*, No. 3:19-cv-6134-BHS-DWC, 2020 WL 2575492, at *2 (W.D. Wash., Mar. 12, 2020); *Grindling v. Martone,* No. CIV. 12-00361 LEK, 2012 WL 4502954, at *1–2 (D. Haw. Sept. 28, 2012) (plaintiff denied refund after voluntary dismissal); *Green v. Bank of Am.,* No. 2:12-cv-02093-GEB-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (same); *accord Reed v. Newsom*, No. 3:20-cv-2439-AJB-MDD, 2021 WL 3406283, at *3 (S.D. Cal. Aug. 4, 2021) (collecting cases).

Therefore, the Court recommends that Plaintiff's request for a refund of the $405.00 filing fee be **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Dismiss (Dkt. 18) be **GRANTED** and this case be **DISMISSED without prejudice**. The Court also recommends that Plaintiff's request for a refund of the $405.00 filing fee be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 19, 2024, as noted in the caption.

Dated this 5th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6